IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


EOD
12/09/2024

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **FRED ALAN BROWN** | § | Case No. 22-41110 |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| VERITAS VINCIT, LLC and | § | |
| WILLIAM BERRY DEAN, III | § | |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | Adversary No. 23-04047 |
| | § | |
| FRED ALAN BROWN | § | |
| | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OF DECISION REGARDING**
**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

ON THIS DATE the Court considered the Motion for Partial Summary Judgment (the "Motion") filed by the Plaintiffs Veritas Vincit, LLC and William Berry Dean, III ("Plaintiffs"), in the above-referenced adversary proceeding on August 30, 2024. The Court finds that the Motion was properly served pursuant to the Federal and Local Rules of Bankruptcy Procedure and that a response in opposition to the Motion, if any, was required by the Scheduling Order entered in this case to be filed within twenty-eight (28) days of the filing of the Motion. The Court finds that no objection or other

written response to the Motion has been timely filed. Due to the failure of any party to file a timely written response, the allegations contained in the Motion stand unopposed.

Plaintiffs' Motion asks this Court to enter a partial summary judgment against Defendant on their cause of action seeking to except from discharge under 11 U.S.C. § 523(a)(6) a judgment for malicious criminal prosecution and conspiracy to commit malicious criminal prosecution obtained against Defendant by Plaintiffs after a jury trial conducted in the United States District Court for the Eastern District of Texas. In doing so, Plaintiffs ask this Court to apply principles of collateral estoppel to satisfy their summary judgment burden. After consideration of the pleadings, proper summary judgment evidence submitted, and the relevant legal authorities, the Court agrees with Plaintiffs. For the reasons explained in this memorandum, Plaintiffs' Motion is GRANTED.

## I. Jurisdiction

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157. The Court has the authority to enter a final judgment in this adversary proceeding because it constitutes a statutorily core proceeding

pursuant to 28 U.S.C. § 157(b)(2)(A) and (I), and meets all constitutional standards for the proper exercise of full judicial power by this Court.

## II. Facts

It is widely recognized that Fed. R. Civ. P. 56 "does not impose a duty on a court to sift through the record in search of evidence to support a party's opposition to summary judgment." *Quinn v. Roach*, 2007 WL 922235, at *3 (E.D. Tex. 2007) (*citing Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 463 (5th Cir.1996)). A non-movant must "articulate the precise manner in which evidence he sets forth supports his claims." Moreover, in designating specific facts, the non-movant must "go beyond the pleadings and use his own affidavits, ... deposition[s], answers to interrogatories, and admissions on file." *Id.* (citing *Jones v. Sheehan & Young Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996)).

With regard to the disposition of any summary judgment motions in this case, the Court, in its scheduling order entered January 31, 2024, specifically incorporated Local District Court Rule CV-56. That rule, in relevant part, directs a movant to include a Statement of Undisputed Material Facts and to support such a statement with "appropriate citations to

proper summary judgment evidence."[1] It also directs a respondent that any response "should be supported by appropriate citations to proper summary judgment evidence."[2] Because Defendant failed to file any response to the Motion, he has failed to controvert the material facts set forth in Plaintiffs' Motion by references to proper summary judgment evidence.[3] This failure means that the facts as claimed and supported by admissible evidence by the Plaintiffs in this case "are admitted to exist without controversy."[4] These facts include the following:

1. On December 7, 2021, Plaintiffs sued Defendant for malicious criminal prosecution and civil conspiracy (collectively, the "Malicious Prosecution Claims").

2. On August 30, 2022, Defendant filed a petition for relief under Chapter

---

[1] E.D. TEX. LOCAL R. CV–56(c).

[2] "The phrase 'appropriate citations' means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line." *Broussard v. Oryx Energy Co.*, 110 F.Supp.2d 532, 536 (E.D. Tex. 2000) (*citing* E. D. Tex. Local R. CV-56(d)).

[3] The pertinent part of rule CV-56 states:

> (c) Ruling. In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the responsive brief filed in opposition to the motion, as supported by proper summary judgment evidence. The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

[4] Id.

-4-

7 in this Court in Case No. 22-41110.

3. The Malicious Prosecution Claims were subsequently removed to the Northern District of Texas Bankruptcy Court, and then to this Court, initiating Adversary No. 23-4005.

4. On March 1, 2024, Chief District Judge Rodney Gilstrap withdrew the reference of Adversary No. 23-4005, thereby initiating Civil Action No. 4:24-cv-00079 (the "District Court Lawsuit").

5. On August 16, 2024, a trial by jury began of the Malicious Prosecution Claims before Chief Judge Gilstrap.

6. On August 21, 2024, the jury returned a unanimous verdict finding Defendant liable for malicious criminal prosecution and conspiracy to commit malicious prosecution. The jury found Defendant liable to Plaintiffs for $3.8 million in actual compensable damages and for $1 million in exemplary damages for conduct done with "fraud, malice, or gross negligence."

7. Chief Judge Gilstrap entered a Final Judgment against Defendant memorializing the jury's findings on August 23, 2024 (the "Final Judgment").

### III. Summary Judgment Standard

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catlett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). Thus, if summary judgment is appropriate, the Court may resolve the case as a matter of law.

The moving party always bears the initial responsibility of informing the court of the basis for its motion and producing evidence which it believes demonstrates the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. How the necessary summary judgment showing can be made depends upon which party will bear the burden of proof at trial. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1077 n.16 (5th Cir. 1994). "A fact is material only if its resolution would affect the outcome of the action." *Wiley v. State Farm Fire and Cas, Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *see also Renwick v. PNK Lake Charles, LLC*, 901 F.3d 605, 611 (5th Cir. 2018). "All reasonable inferences must be viewed in the light most favorable" to the nonmoving party, and "any doubt must resolved in favor of the nonmoving party." *In re Louisiana Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing

*Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). An actual controversy of fact exists where both parties have submitted evidence of contradictory facts. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

Courts may accept the moving party's version of the facts as undisputed. *Alvarez v. United Parcel Serv. Co.*, 398 F. Supp. 2d 543, 548-49 (N.D. Tex. 2005) (overruled on other grounds); cf. *F.D.I.C. v. Foxwood Mgmt. Co., No.* 92-2434, 1994 WL 24911, at *6 (5th Cir. Jan. 14, 1994) (citing cases for the proposition that courts can accept the contents of a conclusory affidavit as true if they are unchallenged). This comports with the notion that courts need not hunt through the record searching for a genuine issue of material fact. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *Savers Fed. Savs. & Loan Ass'n v. Reetz*, 888 F.2d 1497, 1501 (5th Cir. 1989). Once the movant has met its burden, the nonmovant may not rest upon allegations in the pleadings and still survive summary judgment. *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007). The Court does not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## IV. Discussion

When a plaintiff seeks to except a debt from discharge, the plaintiff must prove its claims by a preponderance of evidence. *Grogan v. Garner*, 498 U.S. 279, 286 (1991). All exceptions to discharge under 11 U.S.C. § 523 "must be strictly construed against a creditor and liberally construed in favor of a debtor so that the debtor may be afforded a fresh start." *Hudson v. Raggio (Matter of Hudson)*, 107 F.3d 355, 356 (5th Cir. 1997).

Debts arising "from willful and malicious injury by the debtor to another entity or the property of another entity" are nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(6). For an injury to be "willful," it must be "a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhu v. Geiger*, 523 U.S. 57, 61-62 (1998). Thus, reckless or negligent conduct by a debtor leading to an injury is insufficient. *Id*. at 64. This means that 11 U.S.C. § 523(a)(6) "applies to 'acts done with the actual intent to cause injury, but excludes intentional acts that cause injury." *Williams v. IBEW Local 520 (In re Williams)*, 337 F.3d 504, 508 (5th Cir. 2003) (quoting *Kawaauhau*, 523 U.S. at 61). Injuries covered by this exception are not limited to physical damage or destruction. Harm to personal or property rights are also covered. 11 U.S.C. § 523(a)(6); *Cowin v. Countrywide Home Loans, Inc. (Matter of Cowin)*, 864 F.3d 344, 349 (5th Cir.

Case 23-04047 Doc 48 Filed 12/09/24 Entered 12/09/24 10:16:00 Desc Main
Document Page 9 of 12

2017).

The 11 U.S.C. § 523(a)(6) exception for willful and malicious injury by a debtor requires either: (1) objective substantial certainty of injury; or (2) subjective motive to cause harm. *See Miller v. J.D. Abrams Inc. (Matter of Miller)*, 156 F.3d 598, 606 (5th Cir. 1998). The objective standard is met when a court finds that a debtor intentionally took action(s) that necessarily caused, or were substantially certain to cause the injury. *Rainey v. Davenport (In re Davenport)*, 353 B.R. 150, 202 (Bankr. S.D. Tex. 2006). Under the subjective test, a court must find that the debtor intended the actual injury that resulted. *Id.* The objective standard recognizes "the evidentiary reality that defendants rarely admit malicious intent." *Yu v. Lau (In re Lau)*, No. 11-40284, 2013 WL 2476359, at *7 (Bankr. E.D. Tex. May 28, 2013). Thus, a court must analyze from a reasonable person's perspective "whether the defendant's actions were substantially certain to cause harm, [and] are such that the court ought to infer that the debtor's subjective intent was to inflict a willful and malicious injury on the plaintiff." *Boyle v. Berkenbile (In re Berkenbile)*, No. 12-41969, 2014 WL 797743, at *9 (Bankr. E.D. Tex. Feb. 27, 2014) (citing *Mann Bracken, LLP v. Powers* (*In re Powers*), 421 B.R. 326, 334-35 (Bankr. W.D. Tex. 2009) (citing *Berry v. Vollbracht (In re Vollbracht)*, 276 Fed. App'x. 360, 361-62 (5th Cir. 2007)). "Substantial certainty does not

mean absolute certainty, but it must be something more than a high probability." *In re Jones*, 655 B.R. 884, 894 (Bankr. S.D. Tex. 2023).

Plaintiffs ask the Court to find that the jury's findings and the Final Judgment entered by Chief Judge Gilstrap are sufficient to satisfy principles of collateral estoppel to meet both the subjective and objective tests under 11 U.S.C. § 523(a)(6). This Court has previously written the following regarding principles of collateral estoppel when considering a federal court judgment:

> "Collateral estoppel or, in modern usage, issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and Final Judgment, that issue cannot again be litigating between the same parties in any future lawsuit.'" *Schiro V. Farley*, 510 U.S. 222, 232 (1994), quoting *Ashe V. Swenson*, 397 U.S. 436, 443 (1970)); *see also* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982) ["When an issue of fact or law is actually litigated and determined by a valid and Final Judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim."]. "[P]arties may invoke collateral estoppel in certain circumstances to bar relitigation of issues relevant to dischargeability [and] collateral estoppel can provide an alternate basis to satisfy the elements of § 523(a)(6)." *Raspanti v. Keaty (In re Keaty)*, 397 F.3d 264, 270 (5th Cir. 2005) (quotation marks and alterations omitted). The bankruptcy court retains exclusive jurisdiction, however, to determine whether a debt is dischargeable. *Grogan v. Garner*, 498 U.S. 279, 284, n.11 (1991); *Simpson & Co. v. Shuler (In re Shuler)*, 722 F.2d 1253, 1255 (5th Cir. 1984).
>
> Because the judgment against the Debtor arose from a federal court, federal principles of issue preclusion control. *RecoverEdge, L.P. v. Pentecost*, 44 F.3d 1284, 1290 (5th Cir. 1995). Accordingly, the application of issue preclusion in this case rests upon three

> factors: (1) the issue at stake must be identical to the one involved in the prior action; (2) the issue must have been actually litigated in the prior action; and (3) the determination of the issue in the prior action must have been a part of the judgment in that earlier action. *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 932 (5th Cir.), *cert denied,* 527 U.S. 1004 (1999) (citing *Pentecost*, 44 F.3d at 1290).

*In re Huffman*, No. 16-10344, 2017 WL 4621703, at *5–6 (Bankr. E.D. Tex. Oct. 13, 2017). Under these standards, it is clear the jury's findings and the Final Judgment entered by Chief Judge Gilstrap meet the requirements to apply collateral estoppel. All parties to this proceeding were involved in the District Court Lawsuit and were opposed there as here. There is no question that the jury's decision to find Defendant individually liable for the Malicious Prosecution Claims was necessary for entry of the Final Judgment against Defendant. After a contested jury trial, it cannot be argued that the Malicious Prosecution Claims were not "fully and fairly litigated."

This Court finds that the jury's findings and the Final Judgment entered by Chief Judge Gilstrap are sufficient under collateral estoppel principles to meet the subjective and objective tests under § 523(a)(6).

## V. Conclusion

Plaintiffs have carried their burden for a finding that no genuine issue of material fact exists that the Final Judgment entered in the District Court Lawsuit finding Defendant liable to Plaintiffs for the Malicious Prosecution

-11-

Claims should be determined nondischargeable under 11 U.S.C. § 523(a)(6) as arising from a willful and malicious injury by Defendant to Plaintiffs. Defendant has failed to create a genuine issue of material fact or to produce admissible controverting evidence to preclude granting summary judgment.

For these reasons and based upon the Court's consideration of the pleadings, the summary judgment evidence submitted, and the relevant legal authorities, the Court concludes that the "Motion for Partial Summary Judgement" filed by Plaintiffs should be GRANTED. An appropriate order consistent with this opinion shall be entered by the Court.

Signed on 12/9/2024

---

THE HONORABLE JOSHUA P. SEARCY
UNITED STATES BANKRUPTCY JUDGE